**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**Austin Division**

| | | |
|---|---|---|
| **DR. TERI ALBRIGHT, et al,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **CASE NO. 1:20-cv-00651-RP** |
| | § | |
| **PERMIAN HIGHWAY PIPELINE,** | § | |
| **LLC,** *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS KINDER MORGAN TEXAS PIPELINE, LLC AND PERMIAN HIGHWAY PIPELINE, LLC's ANSWER TO ORIGINAL COMPLAINT**

Timothy A. Wilkins
Texas State Bar No. 00788668
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701-4061
Telephone: (512) 542-2134
Facsimile: (800) 404-3970
Email: tim.wilkins@bracewell.com

and

David A. Super (*pro hac vice pending*)
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 828-5836
Facsimile: (800) 404-3970
Email: david.super@bracewell.com

Dated: July 16, 2020

**COUNSEL FOR DEFENDANTS**
**KINDER MORGAN TEXAS PIPELINE, LLC AND**
**PERMIAN HIGHWAY PIPELINE, LLC**

i

Defendants Kinder Morgan Texas Pipeline, LLC and Permian Highway Pipeline, LLC (collectively, "PHP") answer Plaintiffs' Original Complaint ("Complaint") (Dkt. 1) as follows.

## I.      RESPONSE TO ALLEGATIONS

The unnumbered paragraphs under the heading "Introduction" in the Complaint are not allegations and do not require a response.  To the extent a response is deemed required, PHP lacks knowledge or information sufficient to form a belief about the truth of the unnumbered paragraphs under the heading "Introduction."

PHP responds to the specific allegations in the Complaint in numbered paragraphs that correspond to the paragraph numbers of the Complaint. For each paragraph, if an allegation is not explicitly admitted, it is denied.

1.      PHP denies the allegations of paragraph 1.  In further response to the allegations of paragraph 1, PHP avers that, on March 28 and 30, 2020, while attempting to drill a portion of the Permian Highway Pipeline beneath the Blanco River east of the City of Blanco, Texas, PHP's contractor had an unintentional circulation loss of approximately 36,000 gallons of drilling fluid, a mixture of approximately 95 percent City of Blanco water and 5 percent AMC Gel (the incident on March 28 and 30, 2020 is hereinafter referred to as the "Incident").  PHP further avers that AMC Gel is composed almost entirely of bentonite (approximately 94 percent) which is a naturally occurring clay material, silica which is the primary component of  sand (approximately 5 percent), and less than 0.5 percent each of acrylamide homopolymer and sodium carbonate.

2.      PHP denies the allegations of paragraph 2.

3.      PHP denies the allegations of paragraph 3.

4.      In response to the allegations of paragraph 4, PHP admits that impacting the aquifer along the Blanco River Valley is something to be avoided from both a community and legal

1

perspective, and PHP avers that, in constructing the Permian Highway Pipeline, PHP has consistently engaged in best management practices to avoid impacting the aquifer.

5.      PHP admits that Plaintiffs purport to bring their case under the statute identified in paragraph 5. The remaining allegations of paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

6.      The allegations of paragraph 6 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

7.      The allegations of paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

8.      In response to the allegations of paragraph 8, PHP admits that the Incident involved an unintentional circulation loss of approximately 36,000 gallons of drilling fluid.  PHP denies the remaining allegations of paragraph 8.

9.      In response to the allegations of paragraph 9, PHP admits that the drilling fluid moved rapidly away from the site of the Incident and that, based on sampling performed between March 31 and April 2, 2020, there were indications that a small, diluted portion of the drilling fluid entered the water wells of the named individual Plaintiffs, located approximately 1 to 1.5 miles from the site of the Incident.  PHP denies the remaining allegations of paragraph 9.  In further response to the allegations of paragraph 9, PHP avers that testing of samples taken on April 20, 2020, by the Blanco-Pedernales Groundwater Conservation District from the named individual Plaintiffs' wells and from four other nearby locations showed that no metals were detected in any of the samples above (i) the Safe Drinking Water Act ("SDWA") primary drinking water standards applicable to public water systems (but not directly applicable to private water wells), or (ii) the Texas Risk Reduction Program ("TRRP") Tier 1 residential Protective Concentration Levels ("PCLs") for groundwater, and are consistent with historical regional levels of naturally-occurring metals.  PHP further avers that

sampling of an additional well occurred on May 6-7, 2020, and found no exceedances. PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

10.     Paragraph 10 characterizes a document, which speaks for itself and is the best evidence of its content. To the extent a response is required, PHP denies the allegations.

11.     Paragraph 11 purports to characterize a document, which speaks for itself and is the best evidence of its content. To the extent a response is required, PHP denies the allegations. PHP denies the remaining allegations of paragraph 11.

12.     PHP denies the allegations of paragraph 12. In further response to the allegations of paragraph 12, PHP admits that it made a sample of AMC Gel available to Plaintiffs for testing, and that on June 19, 2020, Plaintiffs provided to counsel for PHP what purported to be test results regarding AMC Gel prepared by the laboratory of the Lower Colorado River Authority ("LCRA"). In further response to the allegations of paragraph 12, PHP avers that one component of the LCRA test results was based on undiluted drilling fluid (*i.e.,* approximating the drilling fluid at the point of the circulation loss during the Incident), and that even those test results indicated that concentrations of the referenced metals in the drilling fluid were orders of magnitude lower than statewide naturally-occurring background soil concentrations of those metals. *See. e.g.,* 30 T.A.C. § 350.51(m); https://texreg.sos.state.tx.us/fids/200700768-1.html (showing Texas-specific soil background concentrations of various metals). PHP further avers that the second component of the LCRA test results was based on the concentration of diluted drilling fluid allegedly detected in the well of Plaintiff Albright on the day (March 31, 2020) the water in that well reportedly appeared the most cloudy, and that those test results indicated that there was no exceedance of the SDWA primary drinking water standards or the TRRP residential Tier 1 groundwater PCLs for any of those metals.

13.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations comparing Plaintiffs' water with water statewide.  PHP denies the remaining allegations of paragraph 13.

14.     PHP denies the allegations of paragraph 14.  In further response to the allegations of paragraph 14, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.  PHP further avers that, since April 9, 2020, the Railroad Commission of Texas ("RRC") has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

15.     PHP denies the allegations of paragraph 15.  In further response to the allegations of paragraph 15, PHP avers that, since April 9, 2020, the RRC has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

16.     PHP denies the allegations of paragraph 16, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

17.     PHP denies the allegations of paragraph 17, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

18.     PHP admits that Plaintiffs purport to bring their case under the statute identified in paragraph 18.  The further allegations of paragraph 18 constitute characterizations of the relief

requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

19.     The allegations of paragraph 19 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

20.     PHP admits the allegations in the first sentence of paragraph 20. In response to the second sentence of paragraph 20, PHP admits, to the best of its knowledge, that Dr. Albright owns property with a drinking water well. In further response to the second sentence of paragraph 20, the allegation that Dr. Albright owns the groundwater under her property is a legal conclusion to which no response is required.  PHP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 20.

21.     PHP admits the allegations in the first sentence of paragraph 21. In response to the second sentence of paragraph 21, PHP admits, to the best of its knowledge, that Dr. Shaw owns property with a drinking water well. In further response to the second sentence of paragraph 21, the allegation that Dr. Shaw owns the groundwater under his property is a legal conclusion to which no response is required.  PHP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 21.

22.     PHP admits the allegations in the first sentence of paragraph 22. In response to the second sentence of paragraph 22, PHP admits, to the best of its knowledge, that Mr. Fowler owns property with a drinking water well. In further response to the second sentence of paragraph 22, the allegation that Mr. Fowler owns the groundwater under his property is a legal conclusion to which no response is required.  PHP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 22.

23.     PHP admits the allegations in the first sentence of paragraph 23. In response to the second sentence of paragraph 23, PHP admits, to the best of its knowledge, that Ms. Fowler owns property with a drinking water well. In further response to the second sentence of paragraph 23, the allegation that Ms. Fowler owns the groundwater under her property is a legal conclusion to which no response is required.  PHP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 23.

24.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25.     PHP admits the allegations of paragraph 25, and avers that Permian Highway Pipeline, LLC is the owner is the owner of the Permian Highway Pipeline.

26.     In response to the allegations of paragraph 26, PHP admits that Kinder Morgan Texas Pipeline, LLC is a Delaware corporation with its principal place of business in Houston, Texas, and that it may be served through its registered agent.  In further response to paragraph 26, PHP avers that Kinder Morgan Texas Pipeline, LLC is constructing and will operate the Permian Highway Pipeline, but denies that it is the managing partner of the "Permian Highway Pipeline project."

27.     The allegations of paragraph 27 consist of legal conclusions to which no response is required. To the extent a response is required, PHP admits that venue is proper in this district.

28.     The allegations of paragraph 28 consist of legal conclusions to which no response is required. To the extent a response is required, PHP admits that Permian Highway Pipeline, LLC, and Kinder Morgan Texas Pipeline, LLC are subject to personal jurisdiction in this district.

29.     Paragraph 29 purports to reference a federal statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 29 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

30.     Paragraph 30 purports to reference a federal statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 30 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

31.     Paragraph 31 purports to quote a federal statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 31 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

32.     Paragraph 32 purports to reference a federal statute and characterize documents, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, PHP denies the allegations.  The allegations of paragraph 32 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the sufficiency of Plaintiffs' notice and that PHP has violated any applicable federal law.

33.     Paragraph 33 purports to quote a federal statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 33 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

34.     Paragraph 34 purports to quote a federal statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 34 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

35.     In response to the allegations of paragraph 35, PHP admits that Permian Highway Pipeline LLC is the owner, and that Kinder Morgan Texas Pipeline LLC is constructing and will operate, the Permian Highway Pipeline, a 428-mile, buried 42-inch intrastate natural gas pipeline that, when completed, will cross 16 Texas counties between Reeves County and Colorado County, including an area generally known as the Texas Hill Country.

36.     PHP denies the allegations of paragraph 36, and avers that the Permian Highway Pipeline is presently under construction and is therefore not one of the largest natural gas transmission pipelines in Texas.

37.     In response to the allegations of paragraph 37, PHP admits that the initial planned route for the Permian Highway Pipeline in Blanco, Texas, included two locations where the route would cross the Blanco River.

38.     In response to the allegations of paragraph 38, PHP admits that, as part of the initial planned route for the Permian Highway Pipeline in Blanco, Texas, PHP planned to utilize horizontal directional drilling ("HDD") in two locations where the route would cross the Blanco River.  PHP denies the remaining allegations of paragraph 38.

39.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the relative frequency of "boring under a river" versus "open cutting across the surface" in the pipeline industry.  Footnote 2 to paragraph 39 consists of a legal conclusion to which no response is required. To the extent a response is required, PHP denies the allegation.  PHP denies the remaining allegations of paragraph 39.

40.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40.

41.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41.

42.     In response to the allegations of paragraph 42, PHP admits that the Blanco River crosses the Edwards Aquifer Contributing/Drainage Zone.  PHP denies the remaining allegations of paragraph 42.

43.     In response to the allegations in the first sentence of paragraph 43, PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations comparing

-8-

water in "this area" with water statewide.  The remainder of paragraph 43 purports to quote from a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

44.     Paragraph 44 purports to reference content from the website of the RRC, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

45.     PHP denies the allegations of paragraph 45, and avers that the Permian Highway Pipeline is presently under construction.

46.     Paragraph 46 purports to reference content from the website of the RRC, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  PHP denies the remaining allegations of paragraph 46.

47.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 47.

48.     PHP denies the allegations of paragraph 48 and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

49.     PHP denies the allegations of paragraph 49, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

50.     In response to the allegations of paragraph 50, PHP admits that the water wells at the named individual Plaintiffs' properties may have been impacted by the drilling fluid associated with the Incident.  In further response to the allegations of paragraph 50, PHP avers that, because of that potential impact, PHP has taken action, under the supervision of the RRC, to address the issues regarding the named individual Plaintiffs' wells.

51.     In response to the allegations of paragraph 51, PHP admits that the named individual Plaintiffs, through Plaintiffs' counsel, have reported to PHP regarding the conditions described in

paragraph 51.  Beyond those reports, PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 51.

52.     PHP denies the allegations of paragraph 52, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

53.     Paragraph 53 purports to quote a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

54.     PHP denies the allegations of paragraph 54.  In further response to the allegations of paragraph 54, PHP avers that, since April 9, 2020, the RRC has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

55.     In response to the allegations of paragraph 55, PHP admits that, during the Incident, PHP's contractor was using drilling fluid, a mixture of approximately 95 percent City of Blanco water and 5 percent AMC Gel.

56.     Paragraph 56 purports to quote a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

57.     Paragraph 57 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

58.     Paragraph 58 purports to quote documents, which speak for themselves and are the best evidence of their content.  To the extent a response is required, PHP denies the allegations.

59.     Paragraph 59 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

60.     PHP denies the allegations in the first sentence of paragraph 60.  The second sentence of paragraph 60 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

61.     PHP admits the allegations of paragraph 61.

62.     In response to the allegations of paragraph 62, PHP admits that it made a sample of AMC Gel available to Plaintiffs for testing, and that on June 19, 2020, Plaintiffs provided to counsel for PHP what purported to be test results regarding AMC Gel from the LCRA.

63.     PHP admits the allegations of paragraph 63.

64.     Paragraph 64 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  In further response to the allegations of paragraph 64, PHP avers that one component of the LCRA test results was based on undiluted drilling fluid (*i.e.,* approximating the drilling fluid at the point of the circulation loss during the Incident), and that even those test results indicated that the concentration of the referenced metals in the drilling fluid were orders of magnitude lower than the statewide naturally-occurring background soil concentrations of those metals.  *See. e.g.,* 30 T.A.C. § 350.51(m); https://texreg.sos.state.tx.us/fids/200700768-1.html. (showing Texas-specific soil background concentrations of various metals).  PHP further avers that the second component of the LCRA test results was based on the concentration of diluted drilling fluid allegedly detected in the well of Plaintiff Albright on the day (March 31, 2020) the water in that well reportedly appeared the most cloudy, and that those test results indicated that there was no exceedance of the SDWA primary drinking water standards or the TRRP residential Tier 1 groundwater PCLs for any of those metals and are consistent with historical regional levels of naturally-occurring metals in groundwater.

65.     PHP denies the allegations of paragraph 65, and avers that the AMG Gel Safety Data Sheet speaks for itself and is the best evidence of its content.

66.     Paragraph 66 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

67.     Paragraph 67 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

68.     Paragraph 68 purports to reference documents, which speak for themselves and are the best evidence of their content.  To the extent a response is required, PHP denies the allegations. In further response to the allegations of paragraph 68, PHP avers that there is no evidence that the chromium detected is hexavalent chromium rather than the normal naturally-occurring trivalent form of chromium that is not a carcinogen.

69.     Paragraph 69 purports to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

70.     The first, third and fourth sentences of paragraph 70 purport to reference a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  PHP denies the allegations in the second sentence of paragraph 70, and further avers that Plaintiffs' allegations are refuted by Plaintiffs' own test results provided by the LCRA regarding AMC Gel.

71.     PHP denies the allegations of paragraph 71.

72.     Paragraph 72 purports to quote from a judicial opinion, and purports to reference another judicial opinion, which speak for themselves and are the best evidence of their content.  To the extent a response is required, PHP denies the allegations.

73.     Paragraph 73 purports to reference a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 73 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

74.     Paragraph 74 purports to quote from a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 74 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

75.     Paragraph 75 purports to quote from a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 75 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

76.     The allegations of paragraph 76 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

77.     Paragraph 77 purports to quote from a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 77 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

78.     The allegations of paragraph 78 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

79.     In response to the allegations of paragraph 79, PHP admits that, in constructing a pipeline, there are methods of boring underground that do not utilize drilling fluids, such as utilizing an auger bore.  PHP denies the remaining allegations of paragraph 79.

80.     The allegations of paragraph 80 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

81.     The language of paragraph 81 is not intelligible, thereby precluding PHP from providing a definitive response.  To the extent a response is deemed required, PHP lacks knowledge or information sufficient to form a belief about whether the named individual Plaintiffs drank water from their water wells.  In further response to the allegations of paragraph 81, PHP denies that the water wells did not receive prior treatment and that the water from the wells was of "excellent quality."

82.     PHP denies the allegations in the first sentence of paragraph 82.  In response to the second sentence of paragraph 82, PHP admits that Plaintiffs purport to bring their case under the statute identified.   The remaining allegations in the second sentence of paragraph 82 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

83.     In response to the allegations of paragraph 83, PHP admits that the Incident involved an unintentional circulation loss of 36,000 gallons of drilling fluid.  PHP denies the remaining allegations of paragraph 83.

84.     PHP admits the allegations of paragraph 84, and avers that no river has an impervious bottom.

85.     PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 85.

86.     In response to the allegations of paragraph 86, PHP admits that HDD is a trenchless technology commonly used for installing pipe underground.  PHP further avers that the HDD process involves drilling along a "u" shaped arc/profile between the HDD entry and exit locations and that the HDD installation technique is comprised of three primary stages including pilot bore, reaming (with successive reaming passes of increasing diameter), and pipe pullback.  PHP avers that drilling fluids are used during all stages to stabilize the ground, condition the HDD borehole, lubricate and cool the downhole equipment, and remove a sufficient quantity of soil and/or bedrock cuttings from the HDD borehole.  PHP avers that once the HDD borehole has been reamed to its final diameter, the pipe is then pulled into the conditioned borehole and the HDD installation is complete.  PHP denies the remaining allegations of paragraph 86.

87.     In response to the allegations of paragraph 87, PHP refers to the averments in response to paragraph 86 above, describing the HDD process.  In further response to the allegations

of paragraph 87, PHP admits that the HDD boring process can create a borehole sufficient to accommodate a 42-inch diameter pipeline, and that PHP's contractor was attempting to install a pipeline of that diameter at the time of the Incident.  The language of the last sentence of paragraph 87 is not intelligible, thereby precluding PHP from providing a definitive response.

88.     PHP denies the allegations of paragraph 88.

89.     Paragraph 89 purports to quote federal regulations, which speak for themselves and are the best evidence of their content.  Further, the allegations of paragraph 89 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

90.     PHP denies the allegations of paragraph 90.

91.     In response to the allegations of paragraph 91, PHP refers to the averments in response to paragraph 86 above, describing the HDD process.  PHP denies the remaining allegations of paragraph 91.

92.     In response to the allegations of paragraph 92, PHP refers to the averments in response to paragraph 86 above, describing the HDD process.  PHP denies the remaining allegations of paragraph 92.

93.     The graphic contained in paragraph 93 speaks for itself and is the best evidence of its content.  PHP denies that the graphic effectively illustrates the allegations of paragraph 93.

94.     PHP denies the allegations of paragraph 94.

95.     PHP denies the allegations of paragraph 95.

96.     PHP admits the allegations of paragraph 96.

97.     The allegations of paragraph 97 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

-15-

98.     The allegations of paragraph 98 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

99.     To the extent paragraph 99 purports to address all "drillers who normally work in this area," PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 99.  Beyond that, PHP denies the allegations of paragraph 99, and avers that bentonite-based drilling fluid is commonly used in many forms of drilling, including in the drilling of drinking water wells.

100.     To the extent paragraph 100 purports to address all "drillers drilling a water well in this area," PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 100.  Beyond that, PHP denies the allegations of paragraph 100, and avers that bentonite-based drilling fluid is commonly used in many forms of drilling, including in the drilling of drinking water wells.

101.     PHP denies the allegations of paragraph 101, and avers that it has consistently utilized best management practices in constructing the Permian Highway Pipeline.

102.     In response to the allegations of paragraph 102, PHP admits that the Incident involved an unintentional circulation loss of approximately 36,000 gallons of drilling fluid.  PHP denies the remaining allegations of paragraph 102.

103.     The allegations of paragraph 103 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

104.     The allegations of paragraph 104 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

105.     The photograph contained in paragraph 105 speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 105.

-16-

106.     Paragraph 106 is blank and no response is required.

107.     The photograph contained in paragraph 107 speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  Further, PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 107.

108.     The photograph contained in paragraph 108 speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  Further, PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108.

109.     PHP denies the allegations of paragraph 109 and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

110.     In response to paragraph 110, PHP incorporates its answers to all allegations in the Complaint.

111.     The allegations of paragraph 111 constitute characterizations of the causes of action in the Complaint to which no response is required. To the extent a response is required, PHP denies the allegations and denies that Plaintiffs are entitled to any relief.

112.     The allegations of paragraph 112 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

113.     The allegations of paragraph 113 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

114.     The allegations of paragraph 114 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

115.     The allegations of paragraph 115 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

116.    The allegations of paragraph 116 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  Further, the allegations of paragraph 116 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

117.    PHP denies the allegations of paragraph 117.

118.    The allegations of paragraph 118 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

119.    The allegations of paragraph 119 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

120.    The allegations of paragraph 120 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

121.    The allegations of paragraph 121 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

122.    Paragraph 122 purports to quote federal regulations, which speak for themselves and are the best evidence of their content.  Further, the allegations of paragraph 122 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

123.    The allegations of paragraph 123 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

124.    The allegations of paragraph 124 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

125.    Paragraph 125 purports to quote federal regulations, which speak for themselves and are the best evidence of their content.  Further, the allegations of paragraph 125 consist of legal

conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

126.    The allegations of paragraph 126 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

127.    Paragraph 127 purports to quote federal regulations, which speak for themselves and are the best evidence of their content.  Further, the allegations of paragraph 127 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

128.    Paragraph 128 purports to quote federal regulations, which speak for themselves and are the best evidence of their content.  Further, the allegations of paragraph 128 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

129.    The allegations of paragraph 129 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

130.    PHP denies the allegations of paragraph 130.

131.    To the extent paragraph 131 speculates regarding the source of water to the named individual Plaintiffs' wells, PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 131. Further, the remaining allegations of paragraph 131 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

132.    PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 132.  The graphic contained in paragraph 132 speaks for itself and is the best evidence of its content.  PHP denies that the graphic effectively illustrates the

allegations of paragraph 132.  PHP admits that the Incident occurred to the west of the county line between Blanco County and Hays County.  PHP denies the remaining allegations of paragraph 132.

133.    In response to the allegations of paragraph 133, PHP admits that the location of the Incident and the location of Plaintiffs' wells are within a karstic area and that there are some mapped faults in the area.  PHP denies the remaining allegations of paragraph 133.

134.    The allegations of paragraph 134 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

135.    The allegations of paragraph 135 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

136.    Paragraph 136 purports to reference content from a website, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  In further response to the allegations of paragraph 136, PHP admits that the Blanco River crosses the Edwards Aquifer Contributing/Drainage Zone.  PHP denies the remaining allegations of paragraph 136.

137.    PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 comparing the water in "this area" with water statewide.

138.    The allegations of paragraph 138 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

139.    The allegations of paragraph 139 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

140.    The allegations of paragraph 140 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

141.    The allegations of paragraph 141 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

142.     The allegations of paragraph 142 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

143.     The allegations of paragraph 143 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

144.     The allegations of paragraph 144 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

145.     The allegations of paragraph 145 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

146.     The allegations of paragraph 146 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

147.     In response to paragraph 147, PHP incorporates by reference its answers to all allegations in the Complaint.

148.     The allegations of paragraph 148 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

149.     The allegations of paragraph 149 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

150.     To the extent paragraph 150 purports to address all "drillers who normally work in this area," PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 150.  Beyond that, PHP denies the allegations of paragraph 150, and avers that bentonite-based drilling fluid is commonly used in many forms of drilling, including in the drilling of drinking water wells.

151.     To the extent paragraph 151 purports to address all "drillers drilling a water well in this area," PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 151.  Beyond that, PHP denies the allegations of paragraph 151, and avers

that bentonite-based drilling fluid is commonly used in many forms of drilling, including in the drilling of drinking water wells.

152.    PHP denies the allegations of paragraph 152.

153.    PHP denies the allegations of paragraph 153, and avers that it has consistently utilized best management practices in constructing the Permian Highway Pipeline.

154.    In response to the allegations of paragraph 154, PHP admits that the Incident involved an unintentional circulation loss of approximately 36,000 gallons of drilling fluid.  PHP denies the remaining allegations of paragraph 154.

155.    The allegations of paragraph 155 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

156.    The allegations of paragraph 156 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

157.    The allegations of paragraph 157 consist of legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.

158.    The allegations of paragraph 158 consist of legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.

159.    PHP lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 159.  Paragraph 159 purports to reference content from a website, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

160.    Paragraph 160 purports to reference a video, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.

161.    The allegations of paragraph 161 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

162.    In response to paragraph 162, PHP incorporates by reference its answers to all allegations in the Complaint.

163.    The allegations of paragraph 163 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

164.    The allegations of paragraph 164 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

165.    Paragraph 165 purports to quote state regulations, which speak for themselves and are the best evidence of their content.  Further, the allegations of paragraph 165 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

166.    Paragraph 166 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 166 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

167.    Paragraph 167 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 167 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

168.    The allegations of paragraph 168 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

169.    The allegations of paragraph 169 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

170.    In response to paragraph 170, PHP incorporates by reference its answers to all allegations in the Complaint.

171.    The allegations of paragraph 171 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

172.    Paragraph 172 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 172 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

173.    Paragraph 173 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 173 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

174.    The allegations of paragraph 174 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

175.    Paragraph 175 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 175 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

176.    Paragraph 176 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 176 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

177.    Paragraph 177 purports to quote a Texas statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 177 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

178.    Paragraph 178 purports to quote a Texas statute, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 178 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

179.    The allegations of paragraph 179 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

180.    In response to paragraph 180, PHP incorporates by reference its answers to all allegations in the Complaint.

181.    Paragraph 181 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 181 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

182.    In response to the allegations of paragraph 182, PHP admits that the water wells at the named individual Plaintiffs' properties may have been impacted by the Incident.  PHP avers that, because of that potential impact, PHP has taken action, under the supervision of the RRC, to address the issues regarding the named individual Plaintiffs' wells.

183.    The allegations of paragraph 183 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.  In further response to the allegations of paragraph 183, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.  PHP further avers that, since April 9, 2020, the RRC has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

184.    In response to paragraph 184, PHP incorporates by reference its answers to all allegations in the Complaint.

185.    PHP denies the allegations of paragraph 185, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

186.    The allegations of paragraph 186 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.  In further response to the allegations of paragraph 186, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

187.    Paragraph 187 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 187 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

188.    The allegations of paragraph 188 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

189.    The allegations of paragraph 189 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

190.    Assuming Plaintiffs intended to include a period after the word "action" in the first line of paragraph 190, PHP denies the allegations in the first sentence of paragraph 190.  The allegations in the second and third sentences of paragraph 190 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  PHP denies the remaining allegations of paragraph 190, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

191.    The allegations in the first and second sentences of paragraph 191 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  The allegations in the third sentence of paragraph 191 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.  In further response to the allegations of paragraph 191, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.  PHP further avers that, since April 9, 2020, the RRC has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

192.    Paragraph 192 purports to reference a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 192 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

193.    Paragraph 193 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  PHP avers that the quote from *Thole v. U.S. Bank N.A.*, -- U.S. --, 2020 WL 2814294, at *15 (June 1, 2020), is from the dissenting opinion.  Further, the allegations of paragraph 193 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

194.    Paragraph 194 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 194 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

195.    Paragraph 195 purports to quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 195 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

196.    Paragraph 196 purports to reference and quote a judicial opinion, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 196 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

197.    Paragraph 197 purports to quote a document, which speaks for itself and is the best evidence of its content.  Further, the allegations of paragraph 197 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

198.    The allegations in the first and second sentences of paragraph 198 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  Further, paragraph 198 purports to reference

-27-

a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent a response is required, PHP denies the allegations.

199.    The allegations of paragraph 199 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief. Further, the allegations of paragraph 199 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations. In further response to the allegations of paragraph 199, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

200.    PHP denies the allegations of paragraph 200, and avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

201.    The allegations of paragraph 201 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

202.    The allegations of paragraph 202 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

203.    The allegations of paragraph 203 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

204.    The allegations of paragraph 204 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief, including specifically the relief characterized in the four separate sub-paragraphs contained in paragraph 204.

205.    The allegations of paragraph 205 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

206.    The allegations in the first sentence of paragraph 206 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations, and avers that alleged injuries, if any, suffered by Plaintiffs are fully compensable through monetary damages.  The allegations in the second sentence of paragraph 206 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  In further response to the allegations of paragraph 206, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident. PHP further avers that, since April 9, 2020, the RRC has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

207.    PHP denies the allegations of paragraph 207.  In further response to the allegations of paragraph 207, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.  PHP further avers that, since April 9, 2020, the RRC has been actively monitoring and directing PHP's implementation of a groundwater monitoring and remediation plan, as well as PHP's plans for moving forward on pipeline construction.  PHP further avers that, as of May 15, 2020, the site of the Incident has been entered into the Operator Cleanup Program of the RRC's Site Remediation Section, under the supervision of the RRC's San Antonio District Office.

208.     The allegations of paragraph 208 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

209.     The allegations in the first and second sentences of paragraph 209 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  The second sentence of Paragraph 209 purports to reference and quote a document, which speaks for itself and is the best evidence of its content.  To the extent a response is required, PHP denies the allegations.  The allegations in the third sentence of paragraph 209 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations,

210.     PHP denies the allegations of paragraph 210.

211.     The allegations of paragraph 211 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  Further, the allegations of paragraph 211 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.  In further response to the allegations of paragraph 211, PHP avers that there is no evidence of an existing or continuing contaminated plume attributable to the Incident.

212.     The allegations in the first sentence of paragraph 212 purport to reference media reports, which speak for themselves and are the best evidence of their content.  To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.  Beyond that, PHP denies the allegations in the first sentence of paragraph 212.  The allegations in the second sentence of paragraph 212 consist of legal conclusions to which no response is required.  To the extent a response is required, PHP denies the allegations.  The allegations in the third sentence of paragraph 212 constitute

characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

213.    In response to the allegations of paragraph 213, PHP lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding "some hydrogeologists."  PHP denies the remaining allegations of paragraph 213.

214.    The allegations of paragraph 214 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

215.    The allegations of paragraph 215 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief.

216.    Paragraph 216 purports to reference content from the website of the U.S. Environmental Protection Agency, which speaks for itself and is the best evidence of its content. Further, the allegations of paragraph 216 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

217.    Paragraph 217 purports to reference content from the website of the U.S. Environmental Protection Agency, which speaks for itself and is the best evidence of its content. Further, the allegations of paragraph 217 consist of legal conclusions to which no response is required. To the extent a response is required, PHP denies the allegations.

218.    The allegations of paragraph 218 constitute characterizations of the relief requested to which no response is required. To the extent a response is required, PHP denies that Plaintiffs are entitled to relief, including specifically the relief characterized in the four separate sub-bullets contained in paragraph 218.

## II.   <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs' Cause of Action 1 is barred for failure to provide sufficient notice under 42 U.S.C. § 300j-8(a)(1) and 40 CFR § 135.10-13.  Notice under these provisions is mandatory and failure to comply requires dismissal.

2.      Plaintiffs' Causes of Action fail to state a claim on which relief can be granted.

3.      The named individual Plaintiffs' Causes of Action are precluded, in whole or in part, because Plaintiffs have failed to flush their water wells as and to the extent recommended by the Blanco-Pedernales Groundwater Conservation District.  The presence of residual unflushed sediment in a well is not evidence of an existing or continuing contaminated groundwater plume.

4.      The named individual Plaintiffs' claims for damages are precluded, in whole or in part, because PHP has already paid the named individual Plaintiffs for some or all of the alleged damages.

5.      Plaintiffs' requests for injunctive relief are precluded because the actions they seek to prohibit or compel have already been accomplished or addressed, including under the continuing jurisdiction of the Railroad Commission of Texas.

6.      Plaintiffs' requests for injunctive relief are precluded because the actions they seek to prohibit or compel have already been ordered to be addressed, including under the continuing jurisdiction of the Railroad Commission of Texas.

7.      Plaintiffs' requests for injunctive relief are precluded because the alleged injuries, if any, suffered by Plaintiffs are fully compensable through monetary damages.

## III.   <u>PRAYER FOR RELIEF</u>

Defendants Kinder Morgan Texas Pipeline, LLC and Permian Highway Pipeline, LLC pray that Plaintiffs' Causes of Action be denied; that Defendants be awarded litigation costs and reasonable attorneys' fees pursuant to Section 1449(d) of the Safe Drinking Water Act, 42 U.S.C. § 300j-8(d); and that Defendants be granted all other just and proper relief to which they are entitled.

Dated: July 16, 2020                    Respectfully submitted,

_/s/ Timothy A. Wilkins_
Timothy A. Wilkins
Texas State Bar No. 00788668
111 Congress Avenue, Suite 2300
Austin, Texas 78701-4061
Telephone: (512) 542-2134
Facsimile: (800) 404-3970
Email: tim.wilkins@bracewell.com

David A. Super (*pro hac vice pending*)
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 828-5836
Facsimile: (800) 404-3970
Email: david.super@bracewell.com

**Attorneys for Defendants Kinder Morgan Texas Pipeline, LLC and Permian Highway Pipeline, LLC**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July 2020, a true and complete copy of the foregoing Defendants Kinder Morgan Texas Pipeline, LLC and Permian Highway Pipeline, LLC's Answer to Original Complaint was served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Timothy A. Wilkins*
Timothy A. Wilkins

-34-